### PHILLIPS *vs.* LEMOYNE.

Where the return term of a writ was by law to be held on the second Monday after the fourth Monday of September, a writ commanding the party to appear " on the first day of our next October term," is good.

*A fortiori,* it is good, if it also states that the Court is to be held on the eleventh day of October, that being the second Monday after the fourth Monday of September.

DEBT, by Phillips, for the use of McFarland, against Lemoyne, determined in Conway Circuit Court, in October, A. D. 1841, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges.   The term of the Court to which the writ was returnable, was by law to be holden on the " second Monday after the fourth Monday of September," being the eleventh day of October.   The writ commanded the defendant to be summoned to appear " on the first day of our next October term, at a Court to be holden on the 11th day of October next."  The Court, on defendant's motion, quashed the writ, and entered judgment for the defendant, who sued his writ of error.   The case was argued here, by

*Fowler & Watkins,* for the plaintiff.

*Gilchrist & Evans,* contra.

*By the Court,* DICKINSON, J.

The object of process is to give the party reasonable notice of the time and place  at which he is to appear, and to apprize him of the cause of action, and to whom he is bound to answer.   In this instance, the summons clearly shows  the time and place specifically; and  we should have held it to be good, if it had merely stated " upon the first day of our next October term."   The law fixes that time, and the party is presumed to know it; but here the summons has gone further, and stated with accuracy the very day on which the Court was to be held.   The notice being good, no objection lies to it.

Judgment reversed.